IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACQUELINE ANN JACKSON, #62337                                 PLAINTIFF

VS.                                                                                CIVIL ACTION NO. 3:08cv590-LRA

MARGARET BINGHAM, ET AL                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

THIS CAUSE is before the Court on the Motion for Summary Judgment [ECF No. 41] filed by Defendants Margaret Bingham, James Holman, I. A. Gilmore, Eydie Winkel, Janice Dillard and Jacqueline Brown. The Court has considered the pleadings, Plaintiff Jackson's sworn testimony given at the omnibus hearing, her medical records, and the applicable law. This review compels the Court to find that the motion is meritorious and should be granted.

1.    **Facts**[1]

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Jackson is an inmate housed in the custody of the Mississippi Department of Corrections ["MDOC"] at the Central Mississippi Correctional Facility ["CMCF"] in Pearl, Mississippi. Defendants are officers and/or officials at that facility.

According to Jackson, she worked at the gym at CMCF on November 9, 2007. Defendant Sgt. Janice Dillard was in charge of the gym workers. On that day Steve Williams, a maintenance supervisor for MDOC, and an inmate worker, Danyel Clemons, entered the gym to fix the speakers. Knowing they were there, Defendant Dillard "negligently" left her post at the gym to return to her office. She left the female inmate workers with Mr. Williams and the male inmate Clemons, unsupervised. According to

---

[1]The facts are taken primarily from Plaintiff's Complaint, her omnibus hearing testimony, and her medical records, and are presented in a light most favorable to Plaintiff.

Plaintiff, this is against MDOC policy.  While Defendant Dillard was gone, inmates Jasmine Nevels and Danyel Clemons met in the gym to have sexual relations.

Plaintiff charges that she was unfairly blamed for helping these inmates meet in the gym; she denies knowing anything about their plans to meet.  According to Plaintiff, as a result of this incident, she lost her job in the CMCF gym, lost her spot in a GED class, and spent 21 days in maximum security. Plaintiff admitted in the omnibus hearing that was told she could re-enroll in the GED program when a place became available. She also admitted that she missed some of her classes due to surgery, and that may have had some bearing on her being discharged from the program.   Plaintiff contends that she was discriminated against because inmates Nevels and Clemons received less punishment.  She suffered harassment, embarrassment and mental anguish as a result of the incident.

Plaintiff also contends that while she was in maximum security, she contracted a cold and filled out three sick call requests.  She denies having received any medical help in response to the requests.  Plaintiff seeks the following relief:

1. That she be given justification for being discriminated against;
2. That the other inmate gym workers be fired, or either she should be given her job back;
3. That Defendant Sgt. Janice Dillard should be fired;
4. That she be awarded a reasonable amount of money for what MDOC put her through.

Plaintiff sued Defendant Warden Holman because he was over the prison; he did not participate in any of the events.  He sued Defendant Bingham because she "sided with her staff."  Plaintiff's only communication with her was during the ARP process. Plaintiff sued Defendant Gilmore because she is over job placement and made the decision not to allow Plaintiff to return to the gym.  She sued Defendant Winkel because she investigated the events and asked Plaintiff questions; Plaintiff guesses that she had a

decision-making role in the punishment. She sued Defendant Dillard because she is the officer who left her post. Defendant Jacqueline Brown helped Defendant Dillard conduct the security check afterwards. Plaintiff mainly sued her because the library assistant who helped her file this lawsuit told her to name Dillard and Brown in the lawsuit, as well as Defendant Bingham.

2. **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

3. **Legal Analysis**

   A. **Negligence**

Plaintiff testified that Defendant Dillard *negligently* left her post and left the prisoners unsupervised, and this negligence caused all of Plaintiff's problems. Yet 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S.

327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 414 U.S. 344 (1986).

Plaintiff does not claim that Defendant Dillard maliciously or purposefully set her up to be punished due to this incident. She does not charge that Defendant Dillard bore any ill will toward her. Under the circumstances, her claims constitute negligence, at most, and do not rise to the level of a constitutional claim. Defendant Dillard is entitled to a judgment at law.

### B. Maximum Security

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court held that a prisoner's due process liberty interests are not implicated for a 30-day segregated confinement as discipline. With no constitutionally protected interest at stake, Plaintiff has not stated a due process claim under Section 1983. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1996). All of Plaintiff's claims relating to the fact that she was given 21 days in maximum security are dismissed under *Sandin*. The other punishments about which she complains include losing her job in the gym and losing her position in the GED program. Under the circumstances of this case, none of these disciplinary measures taken by the prison implicate the United States Constitution.

### C. Medical Care

Plaintiff complains that she received no medical care for her cold while she was housed in maximum security.

In support of their request to dismiss, Defendants submitted the affidavit of Gloria Perry, M.D., Chief Medical Officer of the MDOC Office of Medical Compliance. ECF No. 42, Exhibit "A." Dr. Perry reviewed Plaintiff's medical records. Plaintiff was placed in maximum security on November 9, 2007; she did not submit sick call requests until February 29, 2008, after she was released from maximum security in December 2007.

She complained of tooth pain at that time and was treated in a dental clinic within days. According to Dr. Perry, Plaintiff did not seek treatment for cold symptoms until nearly a year later. On October 19, 2008, she submitted a sick call request with complaints of cough, head congestion and body soreness. She was treated with chlortrimeton. She complained of the same symptoms again on December 29, 2008; January 16, 2009; and, February 22, 2009. She was treated with chlortrimeton, or acetaminophen, and/or an antibiotic on each of those occasions in response to her sick call requests. Plaintiff has not disputed Dr. Perry's review of her medical records or provided evidence rebutting the evidence submitted.

To defeat a summary judgment motion, Plaintiff must rely on specific evidence in the record and articulate the precise manner in which that evidence supports her claims. *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996). She cannot rely on unsubstantiated, conclusory assertions or merely present a scintilla of evidence. *Fiesel v. Cherry,* 294 F.3d 664, 667 (5th Cir. 2002), *citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Plaintiff has not pointed to any objective medical evidence in her records which would support her claims that she suffered from a serious medical condition and that her medical care for that condition was constitutionally inadequate. A cold would not be considered a "serious medical need" in the context of this case.

Deliberate indifference to a prisoner's serious medical needs is an actionable Eighth Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). The standard for finding "deliberate indifference" is a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conduct must result in "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1997). Plaintiff must show that these Defendants were actually aware of a risk of harm to her, yet consciously disregarded or ignored it. *Id.* The medical records confirm that Jackson was treated regularly for her complaints of colds and has never been at risk for serious harm

due to the prison's failure to provide her with medical treatment. Her medical claims against these Defendants are frivolous under 28 U.S.C. § 1915(d) and must be dismissed.

D.     **Equal Protection Violation**

Plaintiff alleges that she was discriminated against because other inmates received less punishment than she did for their involvement in the events which occurred in November 2007. She does not claim to have been singled out due to her gender or race:[2] she implies that the discrimination from which she suffered was due to the fact that she was a prisoner and "favoritism" was used.

There can be no equal protection violation unless a suspect class, or a quasi-suspect class, is implicated. *See Plyer v. Doe,* 457 U.S. 202, 216 (1982). As a general proposition, prisoners are not a "suspect class." *Carson v. Johnson*, 112 F.3d 818, 821-22 (1997) (citations omitted). Accordingly, Plaintiff has failed to state a cause of action against any of these Defendants due to her complaints of discrimination.

E.     **Qualified Immunity**

Defendants all claim that they are protected from this lawsuit due to the doctrine of qualified immunity. The Court agrees. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 457 U.S. 335, 341 (1986). To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right. They must also show that the official's actions violated

---

[2]Ms. Jackson is an African American. The other inmates involved in the incident, whom she claims received a lesser punishment, were also male and female African Americans.

that right to the extent that an objectively reasonable person would have known. *Id.*, omitting citation.

The threshold question is whether Plaintiff's allegations establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). As discussed herein, Jackson has failed to state a constitutional violation under the applicable law. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 199 (2001); *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (court may rely on either prong of defense of qualified immunity). Defendants are immune from this suit and must be dismissed.

The Court notes that Defendants Margaret Bingham, Superintendent at CMCF; James Holman, Warden at CMCF; I. A. Gilmore, Associate Warden at CMCF; and, Eydie Winkel, Deputy Warden at CMCF, were all named by Plaintiff due to their supervisory positions. Plaintiff did not specify any personal involvement of these supervisors in the incident. "There is no vicarious or respondeat superior liability of supervisors under § 1983. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." Plaintiff has failed to make a showing of these Defendants' personal involvement, and the claims also fail for this reason.

4. **Conclusion**

The Court finds that Plaintiff's Complaint should be dismissed due to her failure to state a claim upon which relief may be granted and as legally frivolous under 28 U.S.C. § 1915(e)(2). Further, there are no genuine issues as to any material fact in this case, and Defendants are entitled to a judgment at law. Accordingly, Defendants' Motion for Summary Judgment [ECF No. 41], is hereby granted, and the Complaint filed by

Jacqueline Ann Jackson is dismissed with prejudice.  Final Judgment in favor of all Defendants shall be entered on this date.

Since this case is dismissed under 28 U.S.C. § 1915(e)(2), a provision of the Prison Litigation Reform Act, it will be counted as a "Strike."[3]  If Jackson receives "three strikes," she will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

SO ORDERED, this the 6th day of September 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."